UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLORENCE SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV922 HEA |
| | ) |
| AMERICAN RED CROSS, | ) |
| | ) |
| Defendant/Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DELMAR GARDENS OF | ) |
| CHESTERFIELD, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Cross Motions for Summary Judgment filed by third-party defendant Delmar Gardens, [Doc. No. 58] and third-party plaintiff American Red Cross, [Doc. No. 61]. Plaintiff has not responded to either of these motions, and in fact has settled her case against the only defendant, American Red Cross. For the reasons set forth below, the motions are denied.

Plaintiff filed this action for alleged injuries she sustained as a result of a motor vehicle accident in which she was a passenger in a van owned and operated by defendant American Red Cross. The accident occurred on August 22, 2003. Plaintiff suffered a frature in her left leg allegedly as a result of the auto accident.

Upon release from the hospital, plaintiff returned to her residence at Delmar Gardens of Chesterfield. Plaintiff developed ulcerations on her lower left legs between the time of the accident and the ultimate amputation of her left leg below the knee.

American Red Cross brought this third party action against Delmar Gardens alleging that it caused or contributed to the injuries suffered by plaintiff. Both parties move for summary judgment arguing that there are no genuine issues of material fact; each party argues that it is entitled to judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set

forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). While the Court is required to make all reasonable inferences in favor of the nonmoving party in considering summary judgment, the Court does so without resort to speculation. *Twymon v. Wells Fargo & Co.* 462 F.3d 925, 928 n. 2 (8th Cir. 2006). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. A motion for summary judgment and a resistance to such a motion must be based on admissible evidence. *See, e.g.,* Fed.R.Civ. P. 56(e) (affidavits in resistance to summary judgment must be

based on admissible evidence); *Brooks v. Tri-Systems, Inc.,* 425 F.3d 1109, 1111 (8th Cir. 2005) (inadmissible evidence cannot be used to defeat summary judgment).

Although both parties contend that there are no genuine issues of material fact, the record before the Court establishes otherwise. Delmar Gardens cites to various expert testimony which it argues establishes that the cause of plaintiff's injuries was the auto accident, however, this very testimony tends to indicate that the actions or non-actions of Delmar Gardens may have contributed to the extent of plaintiff's injuries.

Likewise, American Red Cross argues that it is entitled to summary judgment because of expert testimony regarding the action or non-action of Delmar Gardens and the ultimate amputation of plaintiff's leg. However, there is also evidence in the record that a "cause" of plaintiff's injury was her peripheral vascular disease.

Because genuine issues of material fact exist as to the cause, causes and/or contributing factors leading to all of plaintiff's injuries, neither party is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment, [Doc. No.'s 58 and 61], are denied.

**IT IS FURTHER ORDERED** that the trial of the Third Party Action

remains set on November 6, 2006 at 9:30 a.m. in the Courtroom of the undersigned.

Dated this 23rd day of October, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE